**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

[29] HÉCTOR JESUS RONDÓN,

Defendant.

CRIMINAL NO. 18-597 (ADC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Introduction*

Pending before the Court is *pro se* defendant Héctor Jesus Rondón's (hereinafter "Mr. Rondón") motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's compassionate release motion is based on the risks associated with the COVID-19 pandemic. He contends that extraordinary and compelling reasons warrant that his sentence be reduced to time served. He further argues that the requested modification is consistent with the 18 U.S.C. § 3553(a) factors. The United States has not filed a response to the defendant's motion.

This matter has been referred to me for report and recommendation. For the reasons that follow, I recommend that the motion for compassionate release be DENIED.

*Background*

On August 29, 2019, Mr. Rondón pleaded guilty to Count One of the Indictment, which charged him and others, with a conspiracy to possess with intent to distribute

1

controlled substances in violation of 21 U.S.C. §§ 841(a) and 846. (Docket Nos. 721, 723). Defendant specifically accepted responsibility for possessing with intent to distribute at least 3.5 but less than 5 kilograms of cocaine. (Docket No. 721). On May 26, 2021, Mr. Rondón was sentenced to a term of imprisonment of 60 months and a supervised release term of four (4) years. (Docket Nos. 1442, 1443).

Mr. Rondón filed his motion for compassionate release on August 23, 2022. (Docket No. 1529). On February 23, 2024, the presiding District Judge referred the motion to me for report and recommendation. (Docket No. 1586).

A search of the Bureau of Prison's ("BOP") inmate locator revealed that Mr. Rondón is currently under the residential re-entry program, commonly known as halfway house, with an expected release date of November 12, 2024. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited March 6, 2024).

### *Applicable Law and Discussion*

Mr. Rondón submits that he suffers from a variety of acute and chronic medical conditions such as diabetes, hypertension, obesity, chronic kidney disease, and hyperglyceridemia that make him extremely vulnerable to COVID-19. He claims that the BOP has proven itself incompetent in managing the pandemic and in providing him the appropriate care and safety that he requires. Thus, he asserts that he has met his burden of demonstrating the existence of extraordinary and compelling reasons. Mr. Rondón also maintains that he is not a risk to the community and that the 3553(a) factors support granting relief to him. In further support of his positions, Mr. Rondón cites a number of district court decisions from the year 2020 where said courts granted compassionate release. (Docket No. 1520 at 9-12).

The so-called compassionate release statute, allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021).  "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . .  By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Moreover, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

After careful consideration, I find that the grounds presented by Mr. Rondón do not rise to the level of extraordinary and compelling reasons justifying a reduction of his sentence. First, the extensive records submitted by the defendant show that his medical conditions were being carefully managed by the BOP, and that the treatment even resulted in improvement in some of the conditions. (*See* Docket No. 1529-2 at 21). Second, "[w]hile COVID-19 is still a threat, the conditions that exist today are nothing like the extreme measures that were necessary at the beginning of the pandemic." *United States v. Fabian*, Cr. No. 21-00054-MSM-LDA, 2023 WL 8449453, 2023 U.S. Dist. LEXIS 216856, at *5 (D.R.I. Dec. 6, 2023); *see also United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316, at*2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary[;] [h]owever, it no longer constitutes the emergency that it once did.") In that sense, I find unconvincing Mr. Rondón's reliance on decisions from 2020, when the pandemic was at its peak. Since then, correctional

facilities have developed procedures to ameliorate the risk of infection, vaccines are readily available, and transmission within the prison population is relatively low.[1] *See United States v. Berrios-Cruz*, Criminal No. 12-0162 (GMM), 2023 WL 4838152, 2023 U.S. Dist. LEXIS 131366, at *9 (D.P.R. July 28, 2023)(noting that as pandemic conditions evolved, factors that satisfied the extraordinary and compelling standard at the beginning of it, were less likely to satisfy the standard today, particularly with the widespread availability of vaccines.).

Moreover, and critically, since the defendant's custody status has changed from a prison setting to a residential re-entry center, his arguments regarding the health risks associated with the COVID-19 pandemic diminish in force for he is now able to manage his health conditions in the free community. Accordingly, "the defendant's situation [does not] constitute[] the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th at 4.

Having found that extraordinary and compelling reasons do not exist in this case to justify granting relief to Mr. Rondón, I need not address the remaining two prongs of the analysis.

***Conclusion***

In view of the above, I recommend that the motion for compassionate release at Docket No. 1529 be DENIED.

---

[1] Statistics from the BOP show the majority of the facilities at zero (0) cases. The facility with the highest number of open COVID-19 cases is at 11, out of a prison population of 680 inmates. *See* BOP Statistics: Inmate COVID-19 (last visited March 6, 2024).

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 6th day of March, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
